UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DARREN HOLLOWAY,                               Case No. 21 CV 2482

             Plaintiff,

         -against-                            **COMPLAINT**

                                                 JURY DEMAND
THE CITY OF NEW YORK, P.O. DANIEL G.
EFINGER [SHIELD #16366], P.O. CHRISTOPHER
J. GIARDINA [TAX REG. 961786], P.O. SHAWN P.
MCKEEFERY [TAX REG. #965325], P.O. LANCE
R. WALTER [SHIELD #30215], P.O. MICHAEL
MCCARTHY [TAX REG. #951983], SERGEANT
JOHN GHERARDI [TAX REG. #807400], JOHN
DOE and JANE DOE (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

                   Defendants.
-----------------------------------------------------------------------X

Plaintiff, DARREN HOLLOWAY, by his attorney, The Law Offices of UGO UZOH,

P.C., complaining of the defendants herein, The City of New York, P.O. Daniel G.

Efinger [Shield #16366], P.O. Christopher J. Giardina [Tax Reg. 961786], P.O. Shawn P.

McKeefery [Tax Reg. #965325], P.O. Lance R. Walter [Shield #30215], P.O. Michael

McCarthy [Tax Reg. #951983], Sergeant John Gherardi [Tax Reg. #807400], John Doe

and Jane Doe (collectively, "Defendants"), respectfully alleges as follows:

NATURE OF THE ACTION

1.       This is an action at law to redress the deprivation of rights secured to the
plaintiff under color of statute, ordinance, regulation, custom, and/or to
redress the deprivation of rights, privileges, and immunities secured to the
plaintiff by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the
Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising
under the law and statutes of the City and State of New York.

JURISDICTION

2.       The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28
U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the

Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.       As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4.       Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5.       At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused, and this action is timely commenced.

THE PARTIES

6.       Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

7.       Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

8.       The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

9.       Defendant P.O. Daniel G. Efinger [Shield #16366] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

10.      Defendant P.O. Christopher J. Giardina [Tax Reg. 961786] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

11.      Defendant P.O. Shawn P. McKeefery [Tax Reg. #965325] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

12.      Defendant P.O. Lance R. Walter [Shield #30215] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

13.     Defendant P.O. Michael McCarthy [Tax Reg. #951983] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

14.     Defendant Sergeant John Gherardi [Tax Reg. #807400] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

15.     Defendants John Doe and Jane Doe were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

16.     Defendants Efinger, Giardina, McKeefery, Walter, McCarthy, Gherardi, and John Doe and Jane Doe are collectively referred to herein as "defendant officers".

17.     At all times material to this Complaint, the defendant officers acted towards plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

18.     On June 29, 2019, at approximately 5:25 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or within the vicinity of 161-10 Jamaica Avenue, Jamaica, New York, and charged plaintiff with various crimes including N.Y. PL 160.05 'Robbery in the third degree'.

19.     Plaintiff, however, did not commit any robbery, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

20.     Prior to the arrest, plaintiff was visiting with his cousin, George Brown, at his place of business.

21.     As plaintiff was making his way to his cousin, he was bum rushed by defendant officers.

22.     Defendant officers tightly handcuffed the plaintiff with his hands placed behind his back causing the plaintiff to experience pain and numbness.

23.     Defendant officers subjected the plaintiff to an illegal search.

24.     Defendant officers did not recover any contraband and/or stolen money or items from their unlawful search of the plaintiff.

25.     According to defendant officers, an individual named Elvira Minode La Torre had informed them that after withdrawing money from a Chase Bank and while walking in front of 160-15 Jamaica Avenue, Jamaica, New York on June 29, 2019, at approximately 2:30 p.m., the plaintiff approached her, placed an unknown object to her side, and robbed her of approximately $300.

26.     Upon information and belief, Ms. Torre did not contact the NYPD until approximately 2 hours after the alleged robbery.

27.     Initially, Ms. Torre did not provide any description of the alleged robber except for his sex, race, clothing, and age which she stated was 40 years.

28.     The colors of the clothing items provided by Ms. Torre (tan shorts and black top) did not match the colors of the clothing items the plaintiff wore at the time of his arrest (beige shorts and white top).

29.     Without any meaningful description, defendant officers did not make any arrests after their initial response.

30.     After approximately 1 hour later, Ms. Torre contacted defendant officers again and, thereafter, pointed out the plaintiff who at the time was 57 years old.

31.     Defendant officers did acknowledge, and it is a well known fact, that the NYPD maintains cameras, including NYPD Argus cameras 5.1412, which cover the front of 160-15 Jamaica Avenue, and should have captured any alleged robbery incident at that location.

32.     Also, there are several businesses located in front of 160-15 Jamaica Avenue, and said location is usually busy, vibrant, and bustling with people shopping, dining, and sightseeing.

33.     Many of the businesses located in front of 160-15 Jamaica Avenue also maintain cameras which cover the area and should have captured any alleged robbery incident at the location.

34.     However, defendant officers refused to review any of the videos at the location including, but not limited to, the aforesaid NYPD Argus cameras 5.1412.

35.     Eventually, defendant officers forcibly placed the plaintiff inside their police vehicle and transported the plaintiff to NYPD-103rd Precinct.

36.     While at the precinct, defendant officers subjected the plaintiff to an illegal and unlawful search.

37.     Defendant officers did not recover any contraband and/or stolen money or items from their unlawful search of the plaintiff.

38.     Nonetheless, defendant officers continued to detain the plaintiff at NYPD-103rd Precinct.

39.     After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to Central Booking to await arraignment.

40.     At some point following his arrest, defendant officers met with prosecutors employed by the Queens County District Attorney's Office.

41.     During this meeting, defendant officers stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offense(s), and later forwarded to the prosecutors their police records and reports.

42.     Relying upon the police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

43.     On or about June 29, 2019, the plaintiff was arraigned on a criminal court complaint sworn to by defendant officers falsely charging the plaintiff with N.Y. PL 160.15(3) 'Robbery in the first degree'.

44.     Bail was set to secure the plaintiff's release.

45.     Because plaintiff could not make bail, plaintiff was transferred to Rikers Island, and was incarcerated at said facility for several days thereafter.

46.     The prosecutors subsequently obtained and reviewed videos from the location including videos from the aforesaid NYPD Argus cameras 5.1412.

47.     Neither Ms. Torre nor the plaintiff appeared in or was shown on any of the videos, and there were no robbery incidents or any other incidents recorded on any of the videos.

48.     While meeting with the prosecutors, Ms. Torre confirmed that the plaintiff did not rob her of any money and/or properties.

49.     The plaintiff was subsequently released from Rikers Island, and the false charge(s) against him was summarily dismissed on July 5, 2019.

50.     Plaintiff who was employed as a telemarketer was promptly terminated by his employer because of the arrest and has been unable to find any other job since that time.

51.     Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

52.     Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

53.     As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

54.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 53 of this complaint as though fully set forth herein.

55.     Defendant officers arrested the plaintiff without probable cause or reasonable grounds.

56.     The conduct of defendant officers, as described herein, amounted to false arrest.

57.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

58.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

59.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 58 of this complaint as though fully set forth herein.

60.     Defendant officers forwarded to the prosecutors their falsified records and statements.

61.     Relying upon the records and statements, the prosecutors initiated criminal actions against the plaintiff.

62.     Plaintiff was arraigned on a criminal court complaint sworn to by defendant officers falsely charging the plaintiff with crime(s).

63.     Plaintiff was required to, and did, appear in court to defend himself from the false charge(s) levied against him with malice by defendants.

64.     Because of the conduct of the defendants, plaintiff was maliciously prosecuted.

65.     Eventually, the criminal proceedings terminated in plaintiff's favor.

66.     The conduct of defendant officers, as described herein, amounted to malicious prosecution.

67.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

68.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers

69.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 68 of this complaint as though fully set forth herein.

70.     Defendant officers manufactured evidence of criminality against the plaintiff likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiff.

71.     The plaintiff was deprived of his liberty as a result.

72.     The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

73.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

74.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNLAWFUL STOP AND FRISK AND UNREASONABLE SEARCH & SEIZURE - against defendant officers

75.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 74 of this complaint as though fully set forth herein.

76.     Defendant officers unlawfully stopped and subjected the plaintiff to an illegal search of his person and property.

77.     The conduct of defendant officers, as described herein, amounted to unlawful stop and frisk and unreasonable searches and seizures.

78.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

79.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

80.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 79 of this complaint as though fully set forth herein.

81.     The conduct of defendant officers, as described herein, amounted to excessive use of force.

82.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

83.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: DENIAL OF RIGHT TO EQUAL PROTECTION - against defendant officers

84.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 83 of this complaint as though fully set forth herein.

85.     Defendant officers routinely engage in racial profiling, and refused to conduct any investigations concerning the plaintiff's complaints simply because he is a member of a racial/ethnic minority group.

86.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

87.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

88.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 87 of this complaint as though fully set forth herein.

89.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

90.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

91.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

92.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: CONSPIRACY - against defendant officers

93.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 92 of this complaint as though fully set forth herein.

94.     In an effort to find fault to use against the plaintiff who is an African American, defendant officers met with themselves and with several other individuals on numerous occasions (including, but not limited to, the June 29, 2019 date of arrest) and agreed to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

95.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

96.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

NINTH          CAUSE        OF        ACTION:         FAILURE         TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

97.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 96 of this complaint as though fully set forth herein.

98.      Defendant City of New York, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest. In addition, defendant City had actual and/or de facto policies, practices, customs and/or usages of failing to properly screen its prospective police officers for mental fitness, history of misconduct, good moral character and propensity for violence.

99.      Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other crimes.

100.     Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

101.     For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), this Court observed that the City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

102.     In *Ligon v. City of New York*, 925 F. Supp. 2d 478, 485-86 (S.D.N.Y. 2013), the Court observed that the City of New York, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

103.     Notably, numerous civil rights complaints filed in this district have similarly alleged that police officers in those cases, including the defendant officers, refused to review readily available video evidence for corroboration or, in

some cases, outrightly ignored video evidence contradicting the assertions in their reports. *See, e.g., Adrianna Guzman v. City of New York* (18 CV 5806).

104.    Defendant City has settled numerous lawsuits in this district against several police officers assigned to the NYPD alleging, among other things, that the police officers falsely arrested the plaintiffs without probable cause. *See, e.g., Trevonne King v. City of New York* (19 CV 3361); *Shaheim Rogers v. City of New York* (19 CV 3360); *Mondaray Whitaker v. City of New York* (18 CV 6897); *Warren Monk v. City of New York* (18 CV 6458); *Sianna Stewart v. City of New York* (18 CV 4841); *Justin Baker v. City of New York* (17 CV 4493); *Tony Holley v. City of New York* (17 CV 278); *Eric Davis v. City of New York* (16 CV 385); *Jimmy Wilson v. City of New York* (15 CV 6326); *Donnell Jackson v. City of New York* (15 CV 4109); *Crystal Whitfield v. City of New York* (14 CV 6085).

105.    Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police officers routinely arrest innocent citizens without probable cause.

106.    As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiff.

107.    Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

108.    The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in

particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

109. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

TENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

110. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 109 of this complaint as though fully set forth herein.

111. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

112. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

113. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his

constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

114.    Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

## ELEVENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

115.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 114 of this complaint as though fully set forth herein.

116.    The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

117.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## TWELFTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

118.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 117 of this complaint as though fully set forth herein.

119.    The conduct of defendant officers, as described herein, amounted to malicious prosecution.

120.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## THIRTEENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

121.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 120 of this complaint as though fully set forth herein.

122.    By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained bodily injuries with the accompanying pain.

123.    The conduct of the defendants, as described herein, amounted to assault and battery.

124.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## FOURTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

125.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 124 of this complaint as though fully set forth herein.

126.     The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

127.     Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

128.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## FIFTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

129.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 128 of this complaint as though fully set forth herein.

130.     Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

131.     Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

132.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

133.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

134.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

135.     Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a.     For compensatory damages against all defendants in an amount to be proven at trial;

b.     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.     For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.     For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
        May 4, 2021

UGO UZOH, P.C.


By:    Ugochukwu Uzoh
       Attorney for the Plaintiff
       56 Willoughby Street, Third Floor
       Brooklyn, N.Y. 11201
       Tel. No: (718) 874-6045
       Fax No: (718) 576-2685
       Email: u.ugochukwu@yahoo.com